# EXHIBIT 4

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO: **ALEJANDRO CASTRO**, who may be served with process **at 77 CORONADO AVE, THERMAL, CA 92274** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **41st Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 12th day of January, 2021 by Attorney at Law, CHARLES J RUHMANN, IV, RUHMANN LAW FIRM 5915 SILVER SPRINGS BUILDING 1 EL PASO TX 79912, in this case numbered **2021DCV0120** on the docket of said court, and styled:

**ANDRES D. HERRERA**
**V.**
**ALEJANDRO CASTRO, AC CASTRO TRUCKING, ALEJANDRO CASTRO D/B/A AC CASTRO TRUCKING**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 25th day of January, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: __NORMA FAVELA BARCELEAU__ District Clerk
El Paso County, Texas

By: _____, Deputy
Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|------|------|------|------|------|------|
|      | MONTH | DAY | YEAR | Hour | Min. | .M. | From Court House |
|      |       |     |      |      |      |     |                  |
|      |       |     |      |      |      |     |                  |
|      |       |     |      |      |      |     |                  |
|      |       |     |      |      |      |     |                  |
|      |       |     |      |      |      |     |                  |
|      |       |     |      |      |      |     |                  |

And not executed as to the defendant, _____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____ County, Texas

Total _____ $ _____ by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20____, at _____ o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____

**NOTARY PUBLIC, STATE OF TEXAS**

Filed 1/12/2021 10:47 AM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV0120

| | |
|---|---|
| ANDRES D. HERRERA,<br>Plaintiff,<br><br>v.<br><br>ALEJANDRO CASTRO,<br>AC CASTRO TRUCKING,<br>ALEJANDRO CASTRO d/b/a<br>AC CASTRO TRUCKING,<br>Defendants. | § § § § § § § § § § | Cause No. 2021DCV_____ |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

*Comes now*, Andres D. Herrera, hereinafter referred to as Plaintiff, complaining about Defendants, Alejandro Castro, AC Castro Trucking, and Alejandro Castro d/b/a AC Castro Trucking; and for cause of action would show unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN

Plaintiff designates this case as Level 3. Plaintiff affirmatively pleads that he seeks monetary relief aggregating more than $1,000,000.00, excluding costs and pre-judgment interest.

## II.
## JURISDICTION AND VENUE

This court has jurisdiction and venue is proper in El Paso County, Texas because the Plaintiff resides in, and the accident occurred in El Paso County, Texas.

## III.
## PARTIES AND SERVICE.

1. Plaintiff resides in El Paso County, Texas.

2. Defendant Alejandro Castro is an individual non-resident of Texas who upon information and belief may be served through process by serving his residence in Riverside County at 77

Coronado Ave, Thermal, California 92274, and/or through the Chairman of the Texas Transportation Commission at 125 East 11th Street, Austin, Texas 787014-2489, or wherever else he may be found.

3. Defendant AC Castro Trucking is upon information and belief, a sole proprietorship that is organized under the laws of the State of California and may be served with process through its registered agent for service of process, "Process Agent Service Company, Inc.," via its agent in Texas, JEFFREY FULTZ, at 10343 Sam Houston Park #210, Houston, Texas, 77064-4656 or wherever else he may be found. Alternatively, Defendant AC Castro Trucking can be served through Process Agent Service Company, Inc's agent in California, Ronald C. Chauvel, at 66 Bovet Road, Suite 280 San Mateo California, 94402 or wherever else he may be found.

4. Defendant Alejandro Castro d/b/a AC Castro Trucking is upon information and belief, a sole proprietorship that is organized under the laws of the State of California and may be served with process through its registered agent for service of process, "Process Agent Service Company, Inc." via its agent in Texas, Jeffrey Fultz, at 10343 Sam Houston Park #210, Houston, Texas, 77064-4656 or wherever else he may be found. Alternatively, Defendant AC Castro Trucking can be served through Process Agent Service Company, Inc's agent in California, Ronald C. Chauvel, at 66 Bovet Road, Suite 280 San Mateo California, 94402 or wherever else he may be found.

## IV.
## FACTS

On or about April 20, 2019, Plaintiff was operating his vehicle, a grey 2011 Toyota Scion, in a reasonable and prudent manner, exercising ordinary care for his safety and the safety of others. Plaintiff was traveling eastbound on Interstate 10 near the mile post 21, in El Paso County, Texas. At the same time, Defendant Alejandro Castro was driving a white 2000 Freightliner commercial tractor, pulling a Vanco commercial trailer, directly in front of Plaintiff when suddenly and without warning Defendant's tractor and/or trailer suffered a mechanical failure causing the drive shaft

and/or other large mechanical part to completely separate from the tractor and/or trailer and fall off, causing Plaintiff to collide with said mechanical part. As a result of Defendant's negligent conduct resulting this collision, Plaintiff sustained substantial physical injuries and damages. The mechanical failure suffered by Defendants' tractor and/or trailer was foreseeable and would have been avoidable through routine vehicle maintenance and/or inspection. Defendants knew and/or should have known that the mechanical failure would occur.

## V.
## NEGLIGENCE BY DEFENDANT ALEJANDRO CASTRO

Defendant Alejandro Castro, individually and/or while acting within the scope and authority of his employment with Defendant AC Castro Trucking and/or Defendant Alejandro Castro d/b/a AC Castro Trucking, was negligent in the following respects:

a. by failing to control the speed of the commercial truck he was operating;

b. by failing to properly maintain the tractor and/or trailer so as to keep it in good working condition and/or good mechanical condition;

c. by failing to properly inspect the tractor and/or trailer for mechanical problems and/or defects;

d. by continuing to drive when the mechanical problems were known to him and/or should have been known to him;

e. by failing to exercise ordinary care for the safety of others;

f. by failing to keep the tractor-trailer under proper control;

g. by operating said commercial truck in a negligent manner;

h. driver inattention, to both the conditions of the road and the condition of the tractor and/or trailer;

i. by operating the commercial truck in violation of the Federal Motor Carrier Safety Administration's regulations including, but not limited to those concerning maintenance and/or inspection of tractors and trailers and their component parts;

j. by operating a commercial truck despite being unfit and/or unqualified to operate

a commercial tractor-trailer;

k. by driving the commercial truck at an excessive rate of speed for the conditions that existed at the time;

l. by failing to properly maintain and/or inspect the commercial truck and/or by operating it in a defective or unsafe condition;

m. other negligent acts or omissions.

Each of the aforementioned negligent acts or omissions by Defendant Alejandro Castro, taken singularly and/or in any combination, individually and/or collectively and/or cumulatively with the acts and/or omissions of the other Defendants, constituted a proximate cause of the collision, and thus the resulting damages and injuries suffered by Plaintiff.

Additionally, Defendants AC Castro Trucking and Alejandro Castro d/b/a AC Castro Trucking are vicariously liable for the negligent and/or grossly negligent acts or omissions of its/their employee, Defendant Alejandro Castro via the doctrine of *respondeat superior* and/or other law.

## VI.
## NEGLIGENCE BY DEFENDANT AC CASTRO TRUCKING AND DEFENDANT ALEJANDRO CASTRO d/b/a AC CASTRO TRUCKING

In furtherance of and in conjunction with paragraphs IV and V, and/or in the alternative, Defendant AC Castro Trucking and Defendant Alejandro Castro d/b/a AC Castro Trucking were negligent in the following respects:

a. vicariously, through the doctrine of *respondeat superior* and/or other law, and by and through the negligent acts and/or omissions of their employee, Defendant Alejandro Castro;

b. by failing to properly maintain the tractor and/or trailer so as to keep it in good working condition and/or good mechanical condition;

c. by failing to properly inspect the tractor and/or trailer for mechanical problems and/or defects;

4

d. by permitting, encouraging, and/or requiring Defendant Alejandro Castro to continue to drive when the mechanical problems were known to Defendants AC Castro Trucking and/or Alejandro Castro d/b/a AC Castro Trucking;

e. by failing to exercise ordinary care for the safety of others;

f. by permitting, encouraging, and/or requiring Defendant Alejandro Castro to operate the commercial truck in a defective or unsafe condition;

g. by permitting, encouraging, and/or requiring Defendant Alejandro Castro to operate the commercial truck in violation of the Federal Motor Carrier Safety Administration's regulations including, but not limited to those concerning maintenance and/or inspection of tractors and trailers and their component parts;

h. by permitting, encouraging, and/or requiring Defendant Alejandro Castro to operate a commercial truck despite him being unfit and/or unqualified to operate a commercial truck;

i. by failing to properly maintain and/or inspect the commercial truck and/or by operating it in a defective or unsafe condition;

j. by failing to follow the management practices required of motor carriers by the Federal Motor Carrier Safety Administration's regulations.

k. other negligent acts or omissions.

Each of the aforementioned negligent acts and/or omissions by the employer Defendants (Defendant AC Castro Trucking and Defendant Alejandro Castro d/b/a AC Castro Trucking) and their employee, Defendant Alejandro Castro, taken singularly and/or in any combination, individually and/or collectively and/or cumulatively with the acts and/or omissions of the other Defendants, constituted a proximate cause of the collision, and thus the resulting damages and injuries suffered by Plaintiff.

## VII.
## NEGLIGENT ENTRUSTMENT BY DEFENDANTS AC CASTRO TRUCKING AND DEFENDANT ALEJANDRO CASTRO d/b/a AC CASTRO TRUCKING

In furtherance of and in conjunction with paragraphs IV through VI, and/or in the alternative, Defendant AC Castro Trucking and Defendant Alejandro Castro d/b/a AC Castro

Trucking were negligent by entrusting the tractor-trailer to their employee, Alejandro Castro, a person the employer Defendants knew and/or should have known to have been an unlicensed, incompetent, and/or reckless driver, and/or unfit and/or unqualified to operate a commercial truck.

## VIII.
## PLAINTIFF'S DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

1. reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county where they were incurred.

2. reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. physical pain and suffering in the past;

4. physical pain and suffering in the future;

5. physical disfigurement in past and future;

6. mental anguish in past and future;

7. physical impairment in past and future;

8. lost wages in the past and loss of earning capacity in the future; and

9. property damage.

By reason of all of the above, Plaintiff suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## IX.
## JURY DEMAND

Plaintiff hereby demands a jury trial regarding all issues of fact presented in this action,

pursuant to the Rule 216 of the Texas Rules of Civil Procedure.

## X.
## PLAINTIFF'S PRAYER FOR RELIEF

*Wherefore, premises considered,* Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, individually, collectively and/or in any combination, awarding damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (as allowed by law) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. 1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

By: /s/ *Charles Ruhmann, IV*
**CHARLES J. RUHMANN, IV**
State Bar No. 24046767
**JOHN LOMAX ANDERSON**
State Bar No. 24011465
*Attorneys for Plaintiff*